## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

CHARLI WUTZLER,

                  Plaintiff,

vs.                                        Case No.:

PACE CENTER FOR GIRLS, INC.,

                  Defendant.

_____/

### DEFENDANT'S NOTICE OF REMOVAL

Defendant, PACE Center for Girls, Inc. ("PACE" or "Defendant"), pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, hereby files this Notice of Removal to remove the above-styled action from the Circuit Court for Marion County, Florida, Fifth Judicial Circuit, Case No.: 19-CA-0993, to the United States District Court for the Middle District of Florida, on the grounds that it is an action in which the District Courts for the United States have original jurisdiction pursuant to 28 U.S.C. § 1331.  In support of removal, Defendant states:

### PROCEDURAL HISTORY

1.      On or about May 6, 2019, Charli Wutzler ("Plaintiff") commenced this lawsuit against Defendant by filing a Complaint in the Circuit Court for Marion County, Florida, Fifth Judicial Circuit, entitled *Charli Wutzler v. PACE Center for Girls, Inc.*, Case No.: 19-CA-0993.

2.      On May 8, 2019, Defendant received service of process through service of the original Summons and Complaint.  Accordingly, pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within thirty (30) days of service of the Complaint.

## STANDARD FOR REMOVAL

3.      A defendant may remove an action to a U.S. District Court if that court has original jurisdiction over the action.  *See* 28 U.S.C. § 1441(a).  District Courts have original jurisdiction over all "civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Otherwise stated, "Any claim that was originally filed in state court may be removed by a defendant to federal court if the case could have been filed in federal court originally."  *Hill v. BellSouth Telecomms, Inc.*, 364 F.3d 1308, 1314 (11th Cir. 2004).

4.      Whether a claim "arises under" federal law "is generally determined by the well-pleaded compliant rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Hill*, 364 F.3d at 1314 (quoting *Smith v. GTE Corp.*, 236 F.3d 1292, 1310 (11th Cir. 2001)).

5.      "Such federal-question jurisdiction may be based on a civil action alleging a violation of the Constitution, or asserting a federal cause of action established by a congressionally created express or implied private remedy for violations of a federal statute." *Jairath v. Dyer*, 154 F.3d 1280, 1282 (11th Cir. 1998).

## BASIS FOR REMOVAL OF THIS ACTION

6.      This Court possesses jurisdiction over this matter pursuant to 28 U.S.C. §§ 1441(a) and 1331, as this civil action involves a federal question.

7.      In Count I, Plaintiff alleges that PACE violated the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq.* (the "ADA") as well as the Florida Civil Rights Act of 1992, Florida Statutes §§ 760.01-760.11 (the "FCRA").

Specifically, Count I alleges a claim for Disparate Treatment under both the ADA and Section 760.10, Florida Statutes.

8.      In Count II, Plaintiff alleges a claim for violation of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. §§ 2612 and 2624 (the "FMLA").

9.      In Count III, Plaintiff alleges a claim for violation of the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq*. (the "FLSA").

10.     The ADA, FMLA, and FLSA are all laws of the United States and, therefore, pursuant to 28 U.S.C. § 1441(a), this claim is removable to this Court.

11.     Plaintiff asserts state law claims arising from the same nucleus of operative fact against the same defendant, and, therefore, supplemental jurisdiction exists.

12.     "In any civil action of which the district courts have original jurisdiction, [they also] have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Thus, a District Court hearing a complaint under the ADA may also hear claims under a state civil rights statute. *See, e.g., Gomez v. VF Imagewear, Inc.*, 2010 WL 11629326, Case No. 8:10-CV-1826-T-24TGW (M.D. Fla. Aug. 27, 2010) (in case alleging violations under the ADA, Title VII, FMLA, and the FCRA, district court would exercise supplemental jurisdiction over FCRA claims); *Capps v. Florida Highway Patrol*, 2017 WL 1436077, Case No. 17-cv-60365-BLOOM/Valle (S.D. Fla. Apr. 24, 2017) (denying plaintiff's motion to sever and remand and exercising supplemental jurisdiction over plaintiff's FCRA claims because FCRA claims arose from common nucleus of operative facts as the ADA claim).

13.     Removal to this Court is proper, as the state court action was filed in Marion Circuit Court; therefore, this Court is "the district court of the United States for the district and division within which such action is pending." 28 U.S.C. § 1446(a). Thus, this Court is a proper venue for this action pursuant to 28 U.S.C. §§ 89(b) and 1441(a).

14.     Defendant has complied with all conditions precedent to removal.

15.     This Notice of Removal is being served upon Plaintiff by notifying her attorney of record, Marie A. Mattox, Esq., Marie A. Mattox, P.A., 310 East Bradford Road, Tallahassee, Florida 32303; Telephone: (850) 383-4800.

16.     Pursuant to 28 U.S.C. § 1446(a) and L.R. 4.02(b), Defendant has attached a copy of all documents served on it and copies of all process, pleadings, orders, and other papers or exhibits of every kind then on file in the state court action. True and legible copies of all process, pleadings, orders, and other papers on file in the state court action are attached hereto as Exhibit "A."

17.     Defendant has also filed a Notice of Filing Notice of Remove ("Notice of Filing") with the Circuit Court of Marion County, Florida, Fifth Judicial Circuit, the court from which this action is being removed. A copy of the Notice of Filing Notice of Removal is attached hereto as Exhibit "B[1]".

WHEREFORE, Defendant PACE Center for Girls, Inc., pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, respectfully files this Notice of Removal to remove this action from the District Court of Marion County, Florida, Fifth Judicial Circuit, to this Court.

---

[1] Omitted from Exhibit "B" is Exhibit "1" of the Notice of Filing Notice of Removal, which consists of this Notice of Removal.

Dated: May 28, 2019

SMITH, GAMBRELL & RUSSELL, LLP

By:  /s/ Patricia J. Hill
Patricia J. Hill, Florida Bar No. 0091324
E-mail: pjhill@sgrlaw.com
Yash B. Dave, Florida Bar No. 0068573
E-mail: ydave@sgrlaw.com
Ian M. Jones, Florida Bar No. 0121557
E-mail: ijones@sgrlaw.com
50 N. Laura Street, Suite 2600
Jacksonville, Florida 32202
Telephone: (904) 598-6100
Facsimile: (904) 598-6240
*Attorneys for Defendant, PACE Center for Girls, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 28, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and have served a copy of foregoing along with a copy of the Notice of Electronic Filing by U.S. Certified Mail, Return Receipt Requested to the following:

Marie Mattox, Esq.
Marie A. Mattox, P.A.
203 North Gadsden Street
Tallahassee, Florida 32301
Email: marie@mattoxlaw.com
*Plaintiff's Trial Counsel*

By:      /s/ Patricia J. Hill
                Attorney